Municipal Court of Akron.

VICTOR SAGE v. THE CITY OF AKRON (Traffic Dept.)

Decided November 18, 1932.

*William A. Slater,* for plaintiff.
*A. H. Johnson,* for city assistant law director.

RODERICK, J.

This is a case where Sage, the plaintiff, seeks to reclaim possession of an automobile from the city of Akron by

reason of the same having been parked on a street in the city of Akron and caused to be towed to a private garage under and by reason of ordinance No. 1195-1929 of the city of Akron—Section 175-7 wherein certain designated garages are appointed as pounds giving the police officer the right to tow away or to appoint persons under their direction to tow away said automobiles to the certain pounds named in said ordinance.

The following language is used in said ordinance:

"Whenever any vehicle shall be found by a police officer parked in violation of Section 175 to 175-23 inclusive, such police officer may file a complaint in the Municipal Court of the city of Akron against the owner or driver of said vehicle or such vehicle may be removed and conveyed by means of towing the same or otherwise by a police officer, *or other persons designated by a member of the police department to one of the automobile and vehicle pounds.*"

The main question for the Court to decide is whether or not an ordinance containing such a provision is constitutional. In the case at bar the plaintiff's car was ordered by a police officer to be towed away by one of the garages mentioned in the ordinance, but designated as pounds and stored in said garage. A complaint was filed in Municipal Court for a violation of the so-called parking ordinance and the case was dismissed.

Under the agreed statement of facts that was prepared by counsel for the city and for the plaintiff, there is no question but what judgment should be rendered in favor of the plaintiff. The serious question involved in this case is whether or not the ordinance in itself is constitutional.

### THE LAW.

The Court finds that said ordinance is unconstitutional for the reason that said ordinance giving the right to a police officer to designate to a third person or a garage man the right to remove an automobile from the city streets to his private garage or pound as designated in the ordinance, in the Court's opinion, is not a valid exer-

cise of the police power of the Municipality in the control of its streets and the regulation of traffic thereon.

This ordinance attempts to delegate the power of a police officer to a third person. There is no question in the Court's mind but what the police department has the right to control the streets. There is no question in the Court's mind but what the city has ample power to control the use of its streets and the regulation of traffic thereon, but such power of control and such regulation of traffic cannot be delegated by its police officers to other persons.

Powers possessed by municipal officers must at all times be viewed as a public trust and as such are not conferred upon individual members of said municipality for their own emolument, but for the benefit of the community under which they preside and that principle is fundamental and universal that public powers conferred upon the municipal corporation, its officers and agents cannot be surrendered or delegated to others. Municipal duties may be delegated to subordinates, but not to outsiders and when the ordinance of the city of Akron attempts to give the right to a police officer to direct a private garage to tow away an automobile from the streets of the city of Akron, that ordinance is delegating the authority given to the police officer and is therefore, in the Court's opinion, unconstitutional.

In coming to this conclusion we must remember at all times that these pounds established by the city are private garages owned by private individuals and are not a city pound and when an officer directs a garage man to tow away a citizen's automobile it is being done by reason of a delegated authority, which authority council has no right to pass to its police officers.

Having come to this conclusion, that the ordinance is unconstitutional by reason of attempted delegated authority, it is unnecessary for the Court to go into the other matters brought to its attention in the above cause.

Judgment is therefore rendered in favor of the plaintiff. There being no damages shown and the city not having possession of the car at this time, no damages can be recovered.